IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–1415–EWN–MEH

RAYMOND GOTFREDSON, and
TRIM WORK SPECIALITY, INC.,

    Plaintiffs,

v.

LARSEN LP,
ROBERT E. LONG, Trustee, Trust A, U/W/O Charles F. Urschel, Jr.,
WENDY U. LARSEN, Trustee, Trust B U/W/O Charles F. Urschel, Jr.,
MARCELLA LARSEN, f/k/a Marcella Larsen Chilson, Individually, and as
trustee of the 1991 Larsen Irrevocable Trust,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and
ZURICH AMERICAN INSURANCE COMPANY,

    Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

Plaintiffs' federal claims in this case arise under 18 U.S.C. § 1962(c) (2006), the Racketeer Influence and Corrupt Organizations Act ("RICO") and the United States Constitution. Plaintiffs Raymond Gotfredson and Trim Work Specialty, Inc. (collectively "Plaintiffs") argue that Defendants Larsen L.P., Robert E. Long as trustee for Trust A, Wendy U. Larsen as trustee for Trust B, Marcella Larsen, Marcella Larsen as trustee of the 1991 Larsen Irrevocable Trust, American Family Mutual Insurance Company, and Zurich American Insurance Company (collectively "Defendants") conspired to extort millions of dollars from Plaintiffs by falsifying

repairs and engaging in a collusive, sham arbitration. Specifically, Plaintiffs assert claims for: (1) intentional interference with a contract against Defendants Larsen L.P., Long, Wendy Larsen, and Marcella Larsen; (2) civil conspiracy against Defendants Larsen L.P., Long, Wendy Larsen, and Marcella Larsen; (3) violation of RICO against Defendants Larsen L.P., Long, Wendy Larsen, and Marcella Larsen; (4) false representation against Defendants Larsen L.P., Long, Wendy Larsen, and Marcella Larsen; and (5) declaratory relief against all Defendants. This matter is before the court on Plaintiffs' "Motion to Alter or Amend the Judgment Pursuant to FRCP 59(e) [sic] and Corresponding Motion for Leave to File Third Amended Complaint," filed March 24, 2006. Jurisdiction is premised upon 28 U.S.C. § 1331 (2006).

## FACTS

### *1.  Factual Background*

The facts of this case are set forth in this court's March 9, 2006 order. (Order and Memorandum of Decision [filed Mar. 9, 2006] [hereinafter "Order"].) Familiarity therewith is assumed.

### *2.  Procedural History*

On July 27, 2005, Plaintiffs filed a complaint in this court. (Compl. and Jury Demand [filed July 27, 2005].) Plaintiffs asserted claims for: (1) intentional interference with contract against Defendants Larsen L.P., Long, Wendy Larsen, and Marcella Larsen; (2) civil conspiracy against Defendants Larsen L.P., Long, Wendy Larsen, and Marcella Larsen; and (3) false representation against Defendants Larsen L.P., Long, Wendy Larsen, and Marcella Larsen; (4) declaratory judgment against all Defendants. (*Id.* ¶¶ 44–67.) On August 12, 2005, Plaintiffs filed

an amended complaint, in which Plaintiffs added a RICO claim against Defendants Larsen L.P., Long, Wendy Larsen, and Marcella Larsen.  (Am. Compl. and Jury Demand ¶¶ 62–67 [filed Aug. 12, 2005].)

On August 22, 2005, Defendants Larsen L.P., Long, and Wendy Larsen filed a motion to dismiss the amended complaint.  (Defs.' Mot. to Dismiss Am. Compl. [Defendants Larsen L.P., Long, and Wendy Larsen] [filed Aug. 22, 2005].)  Defendants Larsen L.P., Long, and Wendy Larsen contended that the court should dismiss Plaintiffs' civil RICO claim because: (1) Plaintiffs did not allege, with specificity, the predicate acts of racketeering; (2) Plaintiffs did not plead their RICO claim with the requisite specificity under Federal Rule of Civil Procedure 9(b); and (3) Plaintiffs failed to state a RICO claim under Federal Rule of Civil Procedure 12(b)(6).  (*Id.* at 2.)  On September 26, 2005, Plaintiffs filed a response to Defendants Larsen L.P., Long, and Wendy Larsen's motion to dismiss.  (Pls.' Resp. to Defs.' Mot. to Dismiss Am. Compl. [Defs. Larsen L.P., Long, and Wendy Larsen] [filed Sept. 26, 2005].)  On October 18, 2005, Defendants Larsen L.P. and Long filed a reply in support of their motion to dismiss.  (Defs.' Reply Re: [sic] Mot. to Dismiss Am. Compl. [Defs. Larsen L.P. and Robert E. Long] [filed Oct. 18, 2005].)  Also on October 18, 2005, Defendant Wendy Larsen filed a separate reply in support of the motion to dismiss.  (Def. Wendy U. Larsen's Reply Br. in Supp. of Defs.' Mot. to Dismiss Am. Compl. [Defs. Larsen L.P., Long, and Wendy Larsen] [filed Oct. 18, 2005].)

On August 22, 2005, Defendant Marcella Larsen filed a motion to dismiss the amended complaint.  (Def. Marcella Larsen's Fed. R. Civ. P. 12[b][1] and 12[b][6] Mot. to Dismiss with Incorporated Mem. of Law [filed Aug. 22, 2005].)  Defendant Marcella Larsen asserted that: (1)

the Rooker-Feldman doctrine barred this court's jurisdiction; and (2) Plaintiffs failed to state a RICO claim. (*Id.* at 3–15.) On September 26, 2005, Plaintiffs filed a response to Defendant Marcella Larsen's motion to dismiss. (Pls.' Resp. to Def. Marcella Larsen's Fed. R. Civ. P. 12[b][1] and 12[b][6] Mot. to Dismiss [filed Sept. 26, 2005].) On October 18, 2005, Defendant Marcella Larsen filed a reply in support of her motion to dismiss. (Defs. Marcella Larsen, Individually, and as Trustee of the 1991 Larsen Irrevocable Trust, Reply in Supp. of Defs.' Fed. R. Civ. P. 12[b][1] and 12[b][6] Mot. to Dismiss [filed Oct. 18, 2005].) Defendant Marcella Larsen confessed the Rooker-Feldman argument. (*Id.*)

On August 25, 2005, Defendant Marcella Larsen, as trustee of the 1991 Larsen irrevocable trust, filed combined motions to dismiss and for joinder in the other Defendants' motion to dismiss. (Def. Marcella Larsen, Trustee of the 1991 Larsen Irrevocable Trust's Mot. to Dismiss and Incorporated Mem. of Law and Joinder in the Other Defs.' Mots. to Dismiss [filed Aug. 25, 2005].) Defendant Marcella Larsen moved to dismiss the Benjamin Larsen Trust as a party defendant and moved to join the other Defendants' motions. (*Id.* at 1–2.) On September 26, 2005, Plaintiffs filed a response to this motion. (Pls.' Resp. to Def. M. Larsen, Trustee of the 1991 Larsen Irrevocable Trust's Mot. to Dismiss and Incorporated Mem. of Law and Joinder in the Other Defs.' Mots. to Dismiss [filed Sept. 26, 2005].) Plaintiffs clarified that the Benjamin Larsen trust was not a named defendant in this case. (*Id.* at 1.) On October 11, 2005, Defendant Marcella Larsen filed a reply in support of her motion to dismiss. (Def. Marcella Larsen, Trustee of the 1991 Larsen Irrevocable Trust's Reply in Supp. of Mot. to Dismiss [filed Oct. 11, 2005].)

On September 19, 2005, Defendant American Family Mutual Insurance Company filed an answer to Plaintiffs' amended complaint. (Def. Am. Family Mut. Ins. Co.'s Answer [filed Sept. 19, 2005].) On September 30, 2005, Defendant Zurich American Insurance Company filed an answer to Plaintiffs' amended complaint. (Zurich Am. Ins. Co.'s Answer to Pls.' Am. Compl. and Jury Demand [filed Sept. 30, 2005].)

On January 24, 2006, Plaintiffs filed a motion for leave to file a second amended complaint. (Pls.' Mot. for Leave to File Second Am. Compl. [filed Jan. 24, 2006].) On January 27, 2006, Defendants Larsen L.P. and Long filed a response to Plaintiffs' motion for leave to file a second amended complaint. (Resp. to Pls.' Mot. to File a Second Am. Compl. by Defs. Larsen Ltd. P'ship and Long [filed Jan. 27, 2006].) Defendants Larsen L.P. and Long contended that "[a]s set forth in detail in these Defendants' Reply regarding their Motions to Dismiss Plaintiffs' First Amended Complaint (filed October 18, 2005, Document 46), even their proposed Second Amended Complaint continues to insufficiently plead anything close to a legitimate RICO claim." (*Id.* at 1.) On January 31, 2006, the magistrate judge granted Plaintiffs' motion for leave to file a second amended complaint, noting that "the current pending motions to dismiss will equally apply to the Second Amended Complaint." (Minute Order [filed Jan. 31, 2006].) On January 31, 2006, Plaintiffs filed a second amended complaint. (Second Am. Compl. and Jury Demand [filed Jan. 31, 2006] [hereinafter "Second Am. Compl."].)

On March 9, 2006, I issued an order granting Defendants' motions to dismiss. (Order.) I determined Plaintiffs failed to set forth sufficient facts to state a claim under RICO or the Due Process Clause of the United States Constitution. (*Id.* at 11–20.) Because these were Plaintiffs'

sole federal claims, I concluded the court had no power to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. (*Id.* at 21.) I thus dismissed the state law claims without prejudice. (*Id.*)

On March 24, 2006, Plaintiffs filed a "Motion to Alter or Amend the Judgment Pursuant to FRCP 59(e) [sic] and Corresponding Motion for Leave to file Third Amended Complaint." (Pls.' Mot. to Alter or Am. J. Pursuant to FRCP 59(e) [sic] and Corr. Mot. for Lv. to File Third Am. Compl. [filed Mar. 24, 2006] [hereinafter "Pls.' Br."].) Plaintiffs contend that I erred in granting Defendants' motions to dismiss because: (1) I improperly applied the particularity standard of Federal Rule of Civil Procedure 9(b); (2) I failed to address Plaintiffs' conspiracy claim pursuant to 18 U.S.C. § 1962(d); and (3) I wrongly concluded that Plaintiffs pled insufficient facts to state a claim for relief under the Due Process Clause of the United States Constitution. (*Id.*) Further, Plaintiffs seek leave to file a third amended complaint to shore up their claims. (*Id.*) On April 11, 2006, Defendant Wendy Larsen filed a response to this motion. (Def. Wendy U. Larsen's Resp. to the 'Mot. to Alter or Am. J. Pursuant to FRCP 59(e) [sic] and Corresponding Mot for Lv. to File Third Am. Compl.' (filed on [Mar. 24, 2006]) [filed Apr. 11, 2006].) That same day, Defendants Larsen L.P. and Long also filed a response to Plaintiffs' motion. (Defs.' Resp. to Pls.' R. 59 [sic] Mot. and Rqst. for Sanctions Under 28 U.S.C. § 1927 [filed Apr. 11, 2006].) On April 13, 2006, Defendant Marcella Larsen filed a response to Plaintiffs' motion. (Resp. in Opp. to Pls.' Mot. to Alter or Am. J. Pursuant to FRCP 59(e) [sic] and for Lv. to File Third Am. Compl. [filed Apr. 13, 2006].) On April 26, 2006, Plaintiffs replied in support of their motion. (Combined Reply in Supp. of Mot. to Alter or Am. J. Pursuant to

FRCP 59(e) [sic] and Corr. Mot. for Lv. to File Third Am. Compl. [filed Apr. 26, 2006].) This matter is fully briefed and ripe for review.

## ANALYSIS

### *1.  Standard of Review*

In essence, Plaintiffs ask that I reconsider my March 9, 2006 judgment against them. (*See* Order.) Such motions to reconsider, when filed within ten days after entry of judgment, are proper pursuant to Federal Rule of Civil Procedure 59(e).[1] Fed. R. Civ. P. 59(e) (2006). A motion to reconsider is granted only under limited circumstances. The Tenth Circuit has explained, "Grounds warranting a motion to reconsider include[:] (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or [(4)] prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "Such problems rarely arise and the motion to reconsider should be equally rare." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *see M.K. v. Tenet*, 196 F. Supp. 2d 8, 12 (D. D.C. 2001) ("A

---

[1] Rule 59(e) provides that "any motion to alter or amend judgment may be entered within [ten] days after the entry of the judgment." Fed. R. Civ. P. 59(e) (2006). Here, final judgment against Plaintiffs was entered on March 14, 2006. (Final J. [filed Mar. 14, 2006].) Plaintiffs filed their Rule 59(e) motion on March 24, 2006. (Pls.' Br.) Pursuant to the Federal Rules of Civil Procedure 6(a), "When the period of time prescribed or allowed is less than [eleven] days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a) (2006). Accordingly, Plaintiffs filed their Rule 59(e) motion within eight calendar days after the entry of judgment, rendering their motion timely. (*Id.*)

motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend judgment after its entry is rarely granted.").

Importantly, Rule 59(e) does not offer a party the opportunity to re-litigate its case after the court has rendered a decision. *See Servants of the Paraclete*, 204 F.3d at 1012 ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

### *2.      Evaluation of Plaintiffs' Claims*

As stated above, Plaintiffs proffer three reasons this court should alter the judgment against them: (1) the court improperly applied the particularity standard of Federal Rule of Civil Procedure 9(b); (2) the court failed to address Plaintiffs' conspiracy claim pursuant to 18 U.S.C. § 1962(d); and (3) the court wrongly concluded that Plaintiffs pled insufficient facts to state a claim for relief under the Due Process Clause of the United States Constitution. (Pls.' Br.) Further, Plaintiffs seek leave to file a third amended complaint. (*Id.*) I address each issue in turn.

#### *a.      The Court's Application of Federal Rule of Civil Procedure 9(b)*

Plaintiffs allege the court improperly applied Federal Rule of Civil Procedure 9(b)'s particularity standard to the continuity element of 18 U.S.C. § 1962(c). (*Id.* at 4–11.) Federal Rule of Civil Procedure 9(b) states: "In all averments of fraud or mistake, the circumstances

constituting fraud or mistake, shall be stated with particularity." Fed. R. Civ. P. 9(b) (2006).
Plaintiffs brought their RICO claim pursuant to 18 U.S.C. § 1962(c), which provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which effect, interstate commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c) (2006). To state a claim under § 1962(c), Plaintiffs must allege four statutory elements: (1) conduct (2) of an enterprise (3) through a pattern of (4) racketeering activity. *Bancoklahoma Mortgage Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1100 (10th Cir. 1999); *Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1555 n.7 (10th Cir. 1992). A "pattern of racketeering activity" requires proof of at least two racketeering acts. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 n.14 (1985). A plaintiff must demonstrate not only the existence of two or more predicate acts, but also that those acts are related and pose at least a threat of continued criminal activity. *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 238–39 (1980). Thus, Plaintiffs must show two elements — "continuity plus relationship." *Feinstein v. RTC*, 942 F.2d 34, 44 (1st Cir. 1991).

Plaintiffs acknowledge that the predicate acts of fraud in a RICO claim must be pled with particularity pursuant to Rule 9(b), but argue that all other elements of a RICO claim are subject only to notice pleading requirements. (Pls.' Br. at 4.) In particular, Plaintiffs aver the continuity element under § 1962(c) need not be pled with particularity to survive a motion to dismiss. (*Id.* at 4–6.) Plaintiffs assert this court improperly applied Rule 9(b)'s particularity standard to § 1962(c)'s continuity element. (*Id.*) Further, Plaintiffs claim, if the court had correctly allowed for

notice pleading, the court would have concluded Plaintiffs had submitted sufficient factual allegations to survive a motion to dismiss their RICO claim. (*Id.*)

I decline to decide whether all elements of a RICO claim must be pled with particularity pursuant to Rule 9(b), because as was clear from my March 9, 2006 Order, I found that even under a liberal, notice pleading standard, Plaintiffs failed to allege sufficient facts to state a claim of continuity under RICO. (Order at 15–19.) Specifically, I found that Plaintiffs failed to allege "any facts demonstrating that there [was] a threat of future criminal activity." (*Id.* 17.) Instead, I found Plaintiffs' allegations, viewed in the most favorable light, established the existence of a single scheme perpetrated by Defendants to accomplish one discrete goal. (*Id.* at 18–19.) "Where the scheme has a limited purpose, most courts have found no continuity." *Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1545 (10th Cir. 1993) (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1516 [10th Cir. 1990] [holding no closed ended-continuity where single scheme directed at "one discrete goal" and victim]; *Thompson v. Paasche*, 950 F.2d 306, 311 [6th Cir. 1991] [holding no continuity where the defendant had nineteen lots to sell, and once he sold all of the lots, the scheme was over]).

I noted, however, that the Tenth Circuit has held a RICO claim regarding a limited purpose scheme properly pled based upon the plaintiff's showing that scheme was extensive. (Order at 17–18.) *See Resolution Trust Corp.*, 998 F.2d 1534. In the past, this circuit has looked to several factors when considering extensiveness, including: (1) the number of victims; (2) the number of racketeering activities; (3) the variety of racketeering activities; (4) whether the injuries caused were distinct; (5) the complexity and size of the scheme; and (6) the nature or character of

the enterprise or unlawful activity. *Resolution Trust Corp.*, 998 F.2d at 1543. I found that based on the small number of victims and the fact that the predicate acts of mail and wire fraud were neither complex nor large, Plaintiffs did not allege sufficient facts to support a claim of extensiveness. (Order at 18.) Based on the foregoing, I concluded Plaintiffs failed to state a claim under RICO. (*Id.* at 15–19.)

In the instant motion, Plaintiffs underscore their allegations that Defendants' "scheme": (1) spanned a substantial time period; (2) was of considerable size; and (3) was complex. (Pls.' Br. at 6–11.) Plaintiffs argue these allegations suffice to support the continuity requirement of 18 § U.S.C. 1962(c). (*Id.*) I disagree.

Regarding the duration of the scheme, although this court did conclude that "Plaintiffs have not alleged any facts describing conduct that occurred in the years 2002 and 2003," the court went on to note:

> Even assuming this time period is considered substantial, Plaintiffs have not asserted any facts demonstrating that there is a threat of future criminal activity. *See Boone*, 972 F.2d at 1555 (declining to address whether sixteen months was a substantial period of time or could be considered enough to establish continuity because there was not any allegation of a future threat).

(Order at 16–17.) Accordingly, it is clear that the duration of the scheme was not essential to my finding that Plaintiffs did not allege sufficient facts to support a finding of continuity under RICO. Instead, it was Plaintiffs' failure to proffer any factual allegations supporting a threat of future criminal activity that rendered Plaintiffs' claim insufficient. (*See id.*)

Plaintiffs allegations that the scheme was large and complex are conclusory, and this court need not accept them as true. *Coburn v. Nordeen*, 72 F. App'x 744, 746 (10th Cir. 2003) ("In

conducting a Rule 12(b)(6) analysis, the court need not accept as true any conclusory allegations in the complaint."); *S. Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998) (same). Plaintiffs did allege in their Second Amended Complaint that Defendants used mail and wire service on many occasions to perpetrate their fraud. (Second Am. Compl. *passim*.) In their Rule 59(e) motion, Plaintiffs claim nineteen different individuals and companies have been affected by this scheme, as well as the entire state of Colorado. (Pls.' Br. at 9–10.) Yet, making all reasonable inferences in Plaintiffs' favor, their Second Amended Complaint averred injury only to the two Plaintiffs, their insurance carriers, and Defendant Marcella Larsen's insurance carrier. (*See* Second Am. Compl. *passim*.) Plaintiffs also seem to allege that the extensive litigation costs are sufficient to support their allegation of the complexity of the alleged scheme, but point to no authority supporting this contention. (Pls.' Br. at 10.)

At the outset, I note that my March 9, 2004 Order reviewed in detail the alleged incidents of mail and wire fraud, and there is absolutely no indication in my Order that I did not accept these allegations as true. (Order at 14.) Yet, repeated use of mail and wire services to accomplish one discrete act of fraud does not an extensive scheme make. When, as in the case at bar, Plaintiffs have failed to allege a scheme with more than a singular, limited purpose, that affected a very small group of individuals and companies, and where there is no indication of continued future criminal conduct, a finding of extensiveness is improper. *See Resolution Trust*, 998 F.2d at 1545 ("Where the scheme has a limited purpose, most courts have found no continuity.") (citing *SIL-FLO*, 917 F.2d at 1516; *Thompson*, 950 F.2d at 311).

As I explained in my March 9, 2004 Order:

-12-

> Specifically, viewing the complaint in a light most favorable to Plaintiffs, Plaintiffs' complaint asserts a closed-ended series of predicate acts constituting a single scheme — false or fraudulent claims and a sham arbitration — to accomplish a discrete goal — garner a large sum of money from Plaintiffs — directed at a finite group of individuals — Plaintiff Gotfredson and his company, Plaintiff Trim Work Specialty, Inc — "'with no potential to extend to other persons or entities.'" *See Boone*, 972 F.2d at 1556 (quoting *SIL-FLO*[], 917 F.2d [at] 1516 []). "While a single scheme may suffice in some instances, here, there is no indication of a threat of continued illegal activity." *SIL-FLO*, 917 F.2d at 1516 (holding that the plaintiffs could not establish the closed-ended scheme because there was no threat of continued illegal activity and no possibility that the activity would extend to other persons or entities). In enacting RICO, "Congress was concerned . . . with long-term criminal conduct." *H.J.*, 492 U.S. at 242. Additionally, the conduct in this case is limited with respect to the extent the world outside the alleged enterprise was affected. *See SIL-FLO*, 917 F.2d at 1516.

In the instant motion, Plaintiffs argue *H.J., Inc. v. Northwestern Bell Telephone Co.* counsels in favor of a finding of extensiveness. (Pls.' Br. at 8.) In *H.J.*, the Supreme Court held that continuity under RICO was properly pled via factual allegations that employees of the defendant telephone company repeatedly bribed members of the Minnesota Public Utilities Commission over a period of six years in order to gain excessive rate increases. 492 U.S. at 250. Although *H.J.* reveals the potential for RICO liability even for a scheme with a limited purpose, it is highly distinguishable from the instant case. *H.J.* was instituted as a class action suit by customers of Northwestern Bell Telephone Company. *Id.* at 233. Accordingly, the injury was properly alleged to affect a large body of people, strongly suggesting the purported scheme was extensive.

As I made manifest in my March 9, 2006 Order, as well as in the instant order, Plaintiffs failed to allege facts that could conceivably support a finding of extensiveness in the instant case:

> Here . . . Plaintiffs' complaint does not allege an extensive scheme. First, the number of victims is small and limited to Plaintiffs Gotfredson and Trim Work Specialty, Inc. "RICO is not aimed at the isolated offender." [*Resolution Trust*, 988 F.2d] at 1544. Next, Plaintiffs do not allege a wide variety of racketeering activities. At most, Plaintiffs assert a few allegations of mail and wire fraud which are neither complex or large. Viewing the facts in a light most favorable to Plaintiffs, the predicate acts constitute a single scheme to accomplish a discrete goal. *See Boone*, 972 F.2d at 1556 (holding that the plaintiffs did not establish continuity because the plaintiffs alleged a single scheme to accomplish a discrete goal, with no potential to extend to other persons or entities). Thus, Plaintiffs' complaint does not allege an extensive scheme . . . .

(Order at 18.) Based on the foregoing, I conclude that: (1) *H.J. Inc.* is inapposite; (2) Plaintiffs have not alleged facts that could possibly support a finding of extensiveness; and (3) Plaintiffs have not alleged facts that may conceivably support a finding of continuity within the meaning of RICO. Accordingly, I find Plaintiffs have failed to state a claim under RICO.

### b.     *Plaintiffs' Conspiracy Claim*

Plaintiffs argue the court's March 9, 2006 Order failed to address Plaintiffs' claim that Defendants conspired to violate 18 U.S.C. § 1962(c), which is itself a violation of § 1962(d).[2] (Pls.' Br. at 11–12.) As Plaintiffs pointed out, proof of violation of "18 U.S.C. § 1962(d) only requires that a plaintiff allege 'the defendant knew about and agreed to facilitate the commission of—rather than personally committed or agreed to commit—at least two of the predicate acts constituting a pattern of racketeering activity.'" (*Id.* at 12 [quoting *United States v. Smith*, 413 F.3d 1253, 1272 (10th Cir. 2005)].) In the instant case, however, this court has already determined that Plaintiffs failed to allege sufficient facts to state a claim under § 1962(c), because

---

[2]Section 1962 reads: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d) (2006).

they failed to allege sufficient facts to support a finding of continuity.  (*See Analysis* § 2a, *supra*.) Further, it is well established that "any claim under §1962(d) based on conspiracy to violate U.S.C. § 1962(a), (b), or (c) must necessarily fall if the substantive claims themselves are deficient."  *Condict v. Condict*, 826 F.2d 923, 927 (10th Cir. 1987); *see Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 732 (7th Cir. 1998) ("[T]he touchstone of liability under §1962(d) is an agreement to participate in an endeavor which, if completed, would constitute a violation of the substantive statute.")  Because I have determined that Plaintiffs' claim under §1962(c) fails, their claim of conspiracy under § 1962(d) also necessarily must fail.  *See* 18 U.S.C. § 1962 (c), (d) (2006).

### c. *Plaintiffs' Constitutional Claim*

Plaintiffs contend that I erred in determining their factual allegations were insufficient to state a claim under the Due Process Clause of the United States Constitution.  In support, Plaintiffs merely reprint several paragraphs from their Second Amended Complaint, claiming I failed to  construe these factual allegations liberally.  (Pls.' Br. at 13–15.)  Nothing, however, in my March 9, 2006 order suggests I did not consider these allegations and accept them as true. (Order.)  I fully addressed Plaintiffs' due process claim in my March 9, 2006 order, and Plaintiffs have offered no evidence that this court "has misapprehended the facts, a party's position, or the controlling law."  *Id.*  I reiterate that Plaintiffs may not utilize a motion to reconsider as an opportunity to re-litigate their case.  *Servants of Paraclete*, 204 F.3d at 1012.

Because Plaintiffs have offered no newly discovered evidence or new arguments that counsel against my March 9, 2006 conclusion regarding their due process claim, my Order stands:

> Plaintiffs have wholly failed to allege a constitutional claim. First, Plaintiffs do not allege whether they are asserting a procedural or substantive due process claim. I will assume for purposes of this Order and Memorandum of Decision that Plaintiffs are asserting a procedural due process claim. In order to prove a procedural due process claim based on the Fifth Amendment, Plaintiffs must allege: (1) the existence of a recognized liberty or property interest, and (2) failure to receive the process that is due. *Mathews v. Eldridge*, 424 U.S. 319, 332–35 (1976). Plaintiffs have failed to allege any facts to support these elements. Additionally, Plaintiffs have not alleged the process that is due in conjunction with the actor who allegedly deprived Plaintiffs of that process. "Constitutional rights allegedly invaded, . . . must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981). Thus, Plaintiffs have failed to state a due process claim under the United States Constitution. Plaintiffs do not offer any arguments that counsel against this result.

(Order at 20.)

### *d.    Plaintiffs' Plea to File a Third Amended Complaint*

Plaintiffs seek leave from the court to file a third amended complaint to shore up their claims. (Pls.' Br. at 15.) Leave is emphatically denied. "[The Tenth Circuit] has repeatedly and unequivocally held that, once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b). . . . . Indeed, the rule is the same in our sister circuits." *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (internal quotations omitted) (citing *Combs v. PriceWaterhouse L.L.P.*, 382 F.3d 1196, 1205 [10th Cir. 2004]; *Ciralsky v. CIA*, 359 U.S. App. D.C. 366, 355 F.3d 661, 673 [D.C. Cir. 2004]; *Ahmed v. Dragovich*, 297 F.3d 201, 208 [3d Cir. 2002]; *Morse v. McWhorter*, 290 F.3d 795, 799 [6th Cir. 2002]; *Vielma v. Eureka Co.*, 218 F.3d 458, 468 [5th Cir. 2000]; *Seymour v. Thornton*, 79 F.3d 980, 987 [10th Cir. 1996]; *Lindauer v. Rogers*, 91 F.3d 1355, 1357 [9th Cir. 1996]; *Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 270 [7th Cir. 1994];

*Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 389 [1st Cir. 1994]; *Nat'l Petrochemical Co. v. M/T Stolt Sheaf*, 930 F.2d 240, 245 [2d Cir. 1991]; *Knox v. First Sec. Bank*, 206 F.2d 823, 826 [10th Cir. 1953]). To hold otherwise would thwart the philosophy favoring finality of judgments apparent in the Federal Rules of Civil Procedure. *Id.* (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1489, at 694 (2d ed. 1990). Accordingly, because I have denied Plaintiffs' Rule 59(e) motion, their motion for leave to file a third amended complaint must also be denied.

### *3. Conclusions*

Based on the foregoing it is therefore ORDERED that:

1. Defendants' Rule 59(e) motion (#83) is DENIED.

2. Defendants' motion for leave to file a third amended complaint (#83) is DENIED.

Dated this 13th day of October, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge